GAJARSA, Circuit Judge,
concurring.
While I agree with the majority’s result, I write separately to highlight the majority’s best use of the written description requirement as a priority-policing mechanism in contradistinction to an independent basis for invalidity. In this case, Anascape filed the '700 patent as a continuation-in-part of the '525 patent’s application. Pursuant to 35 U.S.C. § 120, Anascape’s '700 patent would be entitled to the '525 patent’s priority date only if the '525 patent’s written description disclosed the subject matter of the later-filed '700 patent. See In re Smith, 59 C.C.P.A. 1025, 458 F.2d 1389, 1394 (1972). Because, as the majority correctly concludes, the '700 patent claims subject matter not disclosed by the '525 patent, the '700 patent is not entitled to the '525 patent’s priority date. In this case, the failure to establish the earlier priority date is fatal as Anascape conceded that a prior art Sony product anticipated the asserted claims.
The majority’s application of the written description requirement, in my judgment, would be the preferred use of the written description requirement. As this court’s predecessor stated:
Satisfaction of the description requirement insures that subject matter presented in the form of a claim subsequent to the filing date of the application was sufficiently disclosed at the time of filing so that the prima facie date of invention can fairly be held to be the filing date of the application. This concept applies whether the case factually arises out of an assertion of entitlement to the filing date of a previously filed application under § 120 ... or arises in the interference context wherein the issue is support for a count in the specification of one or more of the parties ... or arises in an ex parte case involving a single application, but where the claim at issue was filed subsequent to the filing of the application....
*1342 In re Smith and Hubin, 481 F.2d 910, 914 (CCPA 1973); see also In re Wright, 866 F.2d 422, 424 (Fed.Cir.1989) (“When the scope of a claim has been changed by amendment in such a way as to justify an assertion that it is directed to a different invention than was the original claim, it is proper to inquire whether the newly claimed subject matter was described in the patent application when filed as the invention of the applicant. That is the essence of the so-called ‘description requirement’ of § 112, first paragraph.”).
This court, however, has held en banc that § 112, first paragraph provides for a written description requirement capable of invalidating claims, Ariad Pharm., Inc. v. Eli Lilly & Co., 598 F.3d 1336 (Fed.Cir.2010), though I continue to believe that “[cjonfining written description to the priority context would provide greater clarity to district courts and practitioners, both of whom are currently left to trudge through a thicket of written description jurisprudence that provides no conclusive answers and encourages a shotgun approach to litigation,” id. at 1361 (Gajarsa, J., concurring). While the statutory language has been interpreted by this court to require a written description for patentability, it is not the ideal vehicle for invalidating claims. Such a vehicle is better provided by the enablement requirement of § 112. Under this court’s current law, enablement provides the preferred vehicle for invalidating claims that extend beyond what the patent actually discloses to a person of skill in the art. See Martek Biosciences Corp. v. Nutrinova, Inc., 579 F.3d 1363, 1378 (Fed.Cir.2009) (“To meet the enablement requirement, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation.” (internal quotation marks omitted)).
Moreover, clearly defining the separate contexts in which written description and enablement are applicable would provide some justification for this court’s currently inexplicable treatment of written description as a question of fact, yet enablement as a question of law. See Ariad, at 1361 (Rader, J., dissenting-in-part and concurring-in-part). While Ariad conclusively established that § 112, first paragraph requires both an enabling disclosure and a written description, it left to the district courts and practitioners the task of resolving many questions concerning how Ariad applies in practice.
Here, the majority’s opinion demonstrates a good example in applying the written description in a priority policing context, while leaving invalidity in the capable hands of the enablement doctrine. Though Ariad makes clear that written description is not confined to the priority policing context, I continue to believe such confinement, while not statutorily mandated, streamlines litigation and arguably reconciles some of our written description and enablement precedent.